IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Antwon Rafael Gallmon, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Robert Cooper; Charles W. Morrison; Forest Acres Police Department; Gene Sealy, *Individually and in his Official Capacity as Forest Acres Police Department Chief of Police*, <br><br> Defendants. | Case No. 8:17-cv-0059-TLW <br><br><br> **ORDER** |

Plaintiff Antwon Rafael Gallmon, Jr., brought this civil action for excessive force pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights and state law negligence claims against Defendants. ECF No. 1. Defendants filed separate Motions for Summary Judgment. ECF Nos. 29, 34. The United States Magistrate Judge to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C., filed a Report and Recommendation (Report) recommending granting summary judgment in favor of Defendants. ECF No. 56. Plaintiff timely filed objections to the Report, and Defendants replied. ECF Nos. 57, 58, 62. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court

is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court reviewed *de novo* the Report and the objections. The Report recommends that Officer Cooper is entitled to qualified immunity on the § 1983 claim. ECF No. 56 at 11–14. With respect to the state law claims under the South Carolina Tort Claims Act (SCTCA), the Report recommends that Officer Cooper is entitled to summary judgment because he was acting within the scope of his official duties, *id* at 14–16, and that the Forest Acres Police Department (Department) is entitled to summary judgment because it is entitled to sovereign immunity,[1] *id*. at 16–18. In his objections, Plaintiff relies on *Waterman v. Batton*, 393 F.3d 471 (4th Cir. 2005), *Krein v. Price*, 596 F. App'x 184 (4th Cir. 2014), and *Brown v. Elliot*, 876 F.3d 637 (4th Cir. 2017) in support of his argument that Officer Cooper is not entitled to qualified immunity. ECF No. 57 at 3–6, 9–13.

In addition to the Report and Objections, the Court has carefully reviewed the video of this event. ECF No. 43-3, Dash-cam Video. The video shows that Officer Cooper fired the first shot as Plaintiff's vehicle moved toward him. *Id.* at 18:04. At that time, arguably, the use of deadly force was not unlawful. The video then shows that Officer Cooper fired 6 more shots into the driver's side door as the vehicle proceeded past him. *Id.* at 18:04–18:09. In *Waterman*, the Fourth Circuit concluded that "force justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated. . . .that once Waterman's vehicle passed the officer, the threat to their safety was eliminated and thus could not justify the subsequent

---

[1] The Report notes that "Gallmon has withdrawn his claims against Defendants Morrison and Sealy and his § 1983 claim against Defendant Forest Acres Police Department." ECF No. 56 at 16, n.5.

shots." *Waterman*, 393 F.3d at 481–82. In *Krein*, which is closer factually to this case, the Fourth Circuit, interpreting *Waterman*, determined that the officers in that case were not entitled to qualified immunity and "a reasonable fact finder [could] conclude the [officers'] second shot— fired from the side of Krein's vehicle— was excessive." *Krein*, 596 F. App'x at 187.

Plaintiff states in his Objections, that "even if Defendant Cooper could prove that at some point there was an imminent threat of serious bodily harm, this threat was eliminated before Defendant Cooper fired through the driver's side door and window injuring Plaintiff." ECF No. 57 at 5. Plaintiff further cites from the Report, stating: "Officer Cooper . . . began firing though the driver's side of the car's front windshield at Gallmon as the Honda moved forward. While he was shooting, the car began moving past Officer Cooper to his left . . . Officer Cooper stepped to his left, toward the Honda, as he continued firing at Gallmon at close range. Officer Cooper then stepped backwards as he continued to fire the remaining shots as he rotated to the left, continuing to shoot at the Driver's side of the moving vehicle as it proceeded past him." ECF No. 57 at 5–6 (quoting ECF No. 56 at 3).

This Court concludes, reviewing the facts in the light most favorable to the Plaintiff, there is an issue of fact as to Officer Cooper's use of force as the Plaintiff's vehicle passed and whether the threat to his safety had passed at that time. *See Krein*, 596 F. App'x at 188–89 ("[The] second shot entered through the passenger side window . . . strongly suggesting that [the officer] was not in front of the truck when he fired on Krein the second time. . . . [the officers] fired shots when Krein was pulling around them. . . . a reasonable officer would have realized deadly force was not necessary . . . when he was no longer in the direction of Krein's vehicle."); *see also Waterman*, 393 F.3d at 481–82; *Brown*, 876 F.3d at 644 ("The critical circumstance in [*Waterman* and *Krein*] was that the officers fired several shots after the driver 'had *passed* [the officers] without veering

3

in their direction'. . . . Were we confronted with similar circumstances here, we would conclude that [the officer] clearly violated established law."). *Krein* concludes that the officer "was in danger when he fired the first shot because he was directly in front of the vehicle. But just seconds later, he was on the passenger side of the vehicle and thus was no longer in danger of being hit. . . . these types of fine distinctions must be made to give proper effect to the Fourth Amendment's prohibition on excessive force." *Krein*, 596 F. App'x at 190. The cited cases discussed herein do not entitle Officer Cooper to qualified immunity.

This Court notes that Officer Cooper was in a situation that placed him in danger. It was midnight, he was acting with no other officers to assist him, and Officer Cooper faced an individual who was unknown to him. Clearly, Plaintiff was actively trying to flee the scene. This Court does not ignore the threat to Officer Cooper. However, in light of the case law that has been cited and the facts of record, this Court concludes there is an issue of fact that leads to denial of summary judgment on the § 1983 claim for the reasons stated herein.

As to the claims raised under the South Carolina Tort Claims Act (SCTCA), Plaintiff's objections argue that the cases of *Huggins v. Metts*, 640 S.E.2d 465 (S.C. Ct. App. 2007), *Jones v. Lott*, 665 S.E.2d 642 (S.C. Ct. App. 2009), and *Boshele v. Rainwater*, No. 4:13-cv-1419-BHH, 2016 WL 528836 (D.S.C. 2016) support the position that the Department is not entitled to sovereign immunity under S.C. Code Ann. § 15-78-60(6) because the exception in that section is intended to provide immunity for the formulation and implementation of policies. ECF No. 57 at 14. Plaintiff further argues that the same immunity does not protect the Department when failing to adhere to these policies. *Id.* at 13–15. The Court finds this argument persuasive and therefore determines that the Department is not entitled to summary judgment on the basis of the SCTCA. Section 15-78-60(6) states, in relevant part, that "[t]he governmental entity is not liable for loss

4

resulting from: (6) . . . the failure to provide [or] the *method* of providing police . . . protection"[2] (emphasis added). Subsection (6) contemplates a scenario where an officer makes a discretionary decision between lawful alternative responses. In that scenario, subsection (6) bars a plaintiff from second-guessing the officer's discretionary decision.

As discussed in *Huggins*, the court states "the Act specifically exempts Police from liability concerning the *methods* which they choose to utilize to provide police protection." 640 S.E.2d at 467 (emphasis added). The case before the undersigned is not a *"methods"* case— the shooting by Officer Cooper in this case does not involve any "*methods* . . . cho[sen] to utilize to provide police protection." *Id.* To state it more directly, no *methods* were chosen to provide police protection- Officer Cooper fired to prevent Plaintiff from departing the scene. Defendants neither cite any case law holding that subsection (6) shields from liability an officer who has pursued an allegedly unlawful course of action, nor has the Court's own research uncovered any such authority. Accordingly, the Court concludes that the Department is not entitled to immunity under this subsection.

As to the claims raised against Officer Cooper in his personal capacity under the SCTCA, the Court agrees with the Magistrate Judge's analysis that Officer Cooper was not acting outside the scope of his official duties and therefore is not liable, in his individual capacity, under the SCTCA. ECF No. 56 at 14–16. This Court notes that Plaintiff's objections do not address the Magistrate Judge's conclusions on this issue. ECF No. 57. Therefore, after a review of the Report and relevant case law, summary judgment is granted as to the claim against Officer Cooper in his individual capacity under the SCTCA.

---

[2] *See* ECF No. 56 at 17 n.7 (citing *Wells v. City of Lynchburg*, 501 S.E.2d 746, 750 (S.C. Ct. App. 1998) (noting a scrivener's error in this statute)).

The Report contains a thorough and detailed analysis by the Magistrate Judge on this issue. She carefully reviewed the law and carefully applied the facts to this law. This Court did the same but reaches a different conclusion on that law and the facts, finding an issue of fact exists. The Report cites to and discusses all the relevant cases. This Court has carefully reviewed the Report, the cases cited, and the dash-cam video in this case. After careful consideration of the Report, the parties briefings, the dash-cam video, and relevant case law, this Court concludes that Officer Cooper is not entitled to summary judgement on qualified immunity under § 1983 and that the Department is not entitled to sovereign immunity under the SCTCA.

Therefore, the Court, for the reasons stated, chooses not to accept the Report in connection with the § 1983 claim and the SCTCA claim against Forest Acres Police Department. The Court accepts the report as to the SCTCA claim against Defendant Cooper. Accordingly, Defendant Forest Acres Police Department's Motion for Summary Judgment, ECF No. 29, is **DENIED,** and Defendant Robert Cooper's Motion for Summary Judgment, ECF No. 34, is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is denied as to the claims pursuant to § 1983, and granted as to the state law claims pursuant to S.C. Code Ann. § 15-78-70.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Chief United States District Judge

September 17, 2018
Columbia, South Carolina